## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> DELL TECHNOLOGIES INC. and DELL INC., <br><br> Defendants. | Case No. 1:23-cv-1506 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Universal Connectivity Technologies Inc. ("Plaintiff") makes the following allegations against Defendants Dell Technologies Inc. and Dell Inc. (collectively, "Defendants" or "Dell"):

## INTRODUCTION

1.    This complaint arises from Dell's unlawful infringement of the following United States patents owned by Plaintiff:   United States Patent Nos. 7,154,905 ("the '905 Patent"), 7,187,307 ("the '307 Patent"), 7,746,798 ("the '798 Patent"), 9,232,265 ("the '265 Patent"), 8,680,712 ("the '712 Patent"), 7,856,520 ("the '520 Patent"), 7,921,231 ("the '231 Patent"), and 9,852,103 ("the '103 Patent") (collectively, the "Asserted Patents").

## PARTIES

2.    Plaintiff Universal Connectivity Technologies Inc. ("UCT") is a Delaware corporation, with its principal place of business at 251 Little Falls Drive, Wilmington, DE 19808. UCT is a wholly-owned subsidiary of WiLAN Technologies Inc., which is a wholly-owned

subsidiary of Wi-LAN Inc. ("WiLAN"), and is a Canadian corporation with a principal place of business at 1891 Robertson Road, Suite 100, Ottawa, ON K2H 5B7, Canada. UCT is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover for past, present, and future infringement.

3.      Defendant Dell Technologies Inc. is a corporation organized under the laws of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas, 78664.

4.      Defendant Dell Inc. is a corporation organized under the laws of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas, 78664. On information and belief, Dell Inc. is a wholly-owned subsidiary of Dell Technologies Inc. Dell Inc. is registered to do business in the State of Texas and may be served through its registered agent Corporation Service Company D/B/A+, 211 E. 7th Street, Suite 620, Austin, TX 78701.

**JURISDICTION AND VENUE**

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and/or selling products that infringe the Asserted Patents. Defendants have not contested personal jurisdiction in the

Western District of Texas in prior actions. *See, e.g.*, *Softex LLC v. Dell Technologies Inc., et al.*, No. 1:22-cv-01309, Dkt. No. 29 at ¶¶ 12-15 (W.D. Tex. Mar. 21, 2023).

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendants have transacted business in this District and have committed acts of direct infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. For example, Defendants have regular and established places of business in this District, including at One Dell Way, Round Rock, Texas 78682. Defendant Dell Inc. is also registered to do business in the State of Texas. In addition, Defendants have not contested venue in the Western District of Texas in prior actions. *See, e.g.*, *Softex LLC v. Dell Technologies Inc., et al.*, No. 1:22-cv-01309, Dkt. No. 29 at ¶ 18 (W.D. Tex. Mar. 21, 2023).

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,154,905

8. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

9. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,154,905, titled "Method and system for nesting of communications packets." The '905 Patent was duly and legally issued by the United States Patent and Trademark Office on December 26, 2006. A true and correct copy of the '905 Patent is attached as Exhibit 1.

10. On information and belief, Dell has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Dell products (laptops, desktops, monitors, and docking stations) that support DisplayPort 1.2 or later, such as the

Alienware AW3423DW Monitor, Alienware Aurora Rl4 Desktop, and Inspiron 7425 Laptop ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '905 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order. Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

11. The Accused Products satisfy all claim limitations of one or more claims of the '905 Patent. A claim chart comparing exemplary independent claim 21 of the '905 Patent to representative Accused Products is attached as Exhibit 2.

12. On April 20, 2022, WiLAN sent Dell a letter indicating that certain Dell products infringe at least claim 21 of the '905 Patent and proposed times to discuss a potential license from UCT to practice the '905 Patent. Ex. 3. In an email received on May 9, 2022, Dell confirmed receipt of the April 20 letter. Thereafter, WiLAN and Dell exchanged various emails and documents (including claim charts and PowerPoint presentations) and held numerous calls to discuss the UCT patents (including substantive discussions regarding the alleged infringement, validity of the patents, and potential damages), including calls on May 20, 2022, May 27, 2022, June 23, 2022, August 29, 2022, November 9, 2022, February 15, 2023, April 20, 2023, June 8, 2023, September 18, 2023, and October 5, 2023. As part of the parties' discussions, WiLAN presented a formal offer for a license to UCT's patents on a June 8, 2023 call. Dell did not take a license to UCT's patents.

13. Dell knowingly and intentionally induces infringement of one or more claims of the '905 Patent in violation of 35 U.S.C. § 271(b). As of April 20, 2022 (or at least as of the time

of the filing and service of this complaint), Dell has knowledge of the '905 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '905 Patent, Dell continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 2) to use the Accused Products in ways that directly infringe the '905 Patent. For example, Dell advertises that its products are compatible with DisplayPort. *See* Ex. 4 (Alienware Aurora R14 Desktop Setup and Specifications); Ex. 5 (Inspiron Laptop 7425 Setup and Specifications). Dell also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of DisplayPort. *See, e.g.*, *id.*; *see also* Ex. 6 (Me And My Dell For Inspiron, G-Series, XPS, and Alienware Computers). Dell provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Dell also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '905 Patent, thereby specifically intending for and inducing its customers to infringe the '905 Patent through the customers' normal and customary use of the Accused Products.

14. Dell has also infringed, and continues to infringe, one or more claims of the '905 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '905 Patent, are especially made or adapted to infringe the '905 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of April 20, 2022 (or at least as of the time of filing and service of this complaint), Dell has knowledge of the '905 Patent and the infringing nature of the Accused Products. Dell has been, and currently is, contributorily infringing the '905 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the

identified hardware and/or software components in Dell's laptops, desktops, monitors, and docking stations that support DisplayPort 1.2 constitute a material part of the inventions claimed in the '905 Patent, are especially made or adapted to infringe the '905 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 2.

15.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Dell has injured Plaintiff and is liable for infringement of the '905 Patent pursuant to 35 U.S.C. § 271.

16.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '905 Patent during the relevant time period or were not required to mark during the relevant time period.

17.     As described above, Dell obtained knowledge of the '905 Patent and that certain products infringe the '905 Patent as of at least April 20, 2022, but has not ceased its infringing activities.  Dell's infringement of the '905 Patent has been and continues to be willful and deliberate.  Dell also has knowledge of the '905 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

18.     As a result of Dell's direct and indirect infringement of the '905 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Dell's infringement, but in no event less than a reasonable royalty for the use made of the invention by Dell, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,187,307

19.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20.    Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,187,307, titled "Method and system for encapsulation of multiple levels of communication protocol functionality within line codes." The '307 Patent was duly and legally issued by the United States Patent and Trademark Office on March 6, 2007. A true and correct copy of the '307 Patent is attached as Exhibit 7.

21.    On information and belief, Dell has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Dell products (laptops, desktops, monitors, docking stations, and adapters) that support DisplayPort Version 1.0 or later, such as the Alienware AW3423DW Monitor, Alienware Aurora R14 Desktop, Inspiron 5515 Laptop, Inspiron 7425 Laptop, WD19TBS Docking Station, and DA310 Adapter ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '307 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order. Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

22.    The Accused Products satisfy all claim limitations of one or more claims of the '307 Patent. A claim chart comparing exemplary independent claim 68 of the '307 Patent to representative Accused Products is attached as Exhibit 8.

23.    On April 20, 2022, WiLAN sent Dell a letter indicating that certain Dell products infringe at least claims 53 and 68 of the '307 Patent and proposed times to discuss a potential license from UCT to practice the '307 Patent. Ex. 3. In an email received on May 9, 2022, Dell confirmed receipt of the April 20 letter. Thereafter, WiLAN and Dell exchanged various emails and documents (including claim charts and PowerPoint presentations) and held numerous calls to discuss the UCT patents (including substantive discussions regarding the alleged infringement, validity of the patents, and potential damages), including calls on May 20, 2022, May 27, 2022, June 23, 2022, August 29, 2022, November 9, 2022, February 15, 2023, April 20, 2023, June 8, 2023, September 18, 2023, and October 5, 2023. As part of the parties' discussions, WiLAN presented a formal offer for a license to UCT's patents on a June 8, 2023 call. Dell did not take a license to UCT's patents.

24.    Dell knowingly and intentionally induces infringement of one or more claims of the '307 Patent in violation of 35 U.S.C. § 271(b). As of April 20, 2022 (or at least as of the time of the filing and service of this complaint), Dell has knowledge of the '307 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '307 Patent, Dell continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 8) to use the Accused Products in ways that directly infringe the '307 Patent. For example, Dell advertises that its products are compatible with DisplayPort. *See* Ex. 4 (Alienware Aurora R14 Desktop Setup and Specifications); Ex. 9 (Inspiron 5515 Laptop Setup and Specifications). Dell also instructs its

customers and end users on how to use the Accused Products in an infringing manner, including through the use of DisplayPort. *See, e.g.*, *id.*; *see also* Ex. 6 (Me And My Dell For Inspiron, G-Series, XPS, and Alienware Computers). Dell provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Dell also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '307 Patent, thereby specifically intending for and inducing its customers to infringe the '307 Patent through the customers' normal and customary use of the Accused Products.

25. Dell has also infringed, and continues to infringe, one or more claims of the '307 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '307 Patent, are especially made or adapted to infringe the '307 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of April 20, 2022 (or at least as of the time of filing and service of this complaint), Dell has knowledge of the '307 Patent and the infringing nature of the Accused Products. Dell has been, and currently is, contributorily infringing the '307 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components in Dell's laptops, desktops, monitors, and docking stations that support DisplayPort 1.0 constitute a material part of the inventions claimed in the '307 Patent, are especially made or adapted to infringe the '307 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 8.

26.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Dell has injured Plaintiff and is liable for infringement of the '307 Patent pursuant to 35 U.S.C. § 271.

27.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '307 Patent during the relevant time period or were not required to mark during the relevant time period.

28.     As described above, Dell obtained knowledge of the '307 Patent and that certain products infringe the '307 Patent as of at least April 20, 2022, but has not ceased its infringing activities.   Dell's infringement of the '307 Patent has been and continues to be willful and deliberate.  Dell also has knowledge of the '307 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

29.     As a result of Dell's direct and indirect infringement of the '307 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Dell's infringement, but in no event less than a reasonable royalty for the use made of the invention by Dell, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,746,798

30.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

31.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,746,798, titled

"Method and system for integrating packet type information with synchronization symbols." The '798 Patent was duly and legally issued by the United States Patent and Trademark Office on June 29, 2010. A true and correct copy of the '798 Patent is attached as Exhibit 10.

32. On information and belief, Dell has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Dell products (laptops, desktops, monitors, and docking stations) that support USB 3.0 and later, such as the Alienware AW3423DW Monitor, Alienware Aurora Rl4 Desktop, and Inspiron 3525 Laptop ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '798 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order. Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

33. The Accused Products satisfy all claim limitations of one or more claims of the '798 Patent. A claim chart comparing exemplary independent claim 19 of the '798 Patent to representative Accused Products is attached as Exhibit 11.

34. On April 20, 2022, WiLAN sent Dell a letter indicating that certain Dell products infringe at least claim 19 of the '798 Patent and proposed times to discuss a potential license from UCT to practice the '798 Patent. Ex. 3. In an email received on May 9, 2022, Dell confirmed receipt of the April 20 letter. Thereafter, WiLAN and Dell exchanged various emails and documents (including claim charts and PowerPoint presentations) and held numerous calls to discuss the UCT patents (including substantive discussions regarding the alleged infringement, validity of the patents, and potential damages), including calls on May 20, 2022, May 27, 2022,

June 23, 2022, August 29, 2022, November 9, 2022, February 15, 2023, April 20, 2023, June 8, 2023, September 18, 2023, and October 5, 2023.  As part of the parties' discussions, WiLAN presented a formal offer for a license to UCT's patents on a June 8, 2023 call.  Dell did not take a license to UCT's patents.

35.    Dell knowingly and intentionally induces infringement of one or more claims of the '798 Patent in violation of 35 U.S.C. § 271(b).  As of April 20, 2022 (or at least as of the time of the filing and service of this complaint), Dell has knowledge of the '798 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '798 Patent, Dell continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 11) to use the Accused Products in ways that directly infringe the '798 Patent.  For example, Dell advertises that its products are compatible with USB.  *See* Ex. 4 (Alienware Aurora R14 Desktop Setup and Specifications); Ex. 12 (Inspiron 3525 Laptop Setup and Specifications).  Dell also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of USB.  *See, e.g.*, *id.*; *see also* Ex. 6 (Me And My Dell For Inspiron, G-Series, XPS, and Alienware Computers).  Dell provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Dell also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '798 Patent, thereby specifically intending for and inducing its customers to infringe the '798 Patent through the customers' normal and customary use of the Accused Products.

36.    Dell has also infringed, and continues to infringe, one or more claims of the '798 Patent by selling, offering for sale, or importing into the United States, the Accused Products,

knowing that the Accused Products constitute a material part of the inventions claimed in the '798 Patent, are especially made or adapted to infringe the '798 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of April 20, 2022 (or at least as of the time of the filing and service of this complaint), Dell has knowledge of the '798 Patent and the infringing nature of the Accused Products. Dell has been, and currently is, contributorily infringing the '798 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components in Dell's laptops, desktops, monitors, and docking stations that support USB 3.0 and later constitute a material part of the inventions claimed in the '798 Patent, are especially made or adapted to infringe the '798 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 11.

37. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Dell has injured Plaintiff and is liable for infringement of the '798 Patent pursuant to 35 U.S.C. § 271.

38. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '798 Patent during the relevant time period or were not required to mark during the relevant time period.

39. As described above, Dell obtained knowledge of the '798 Patent and that certain products infringe the '798 Patent as of at least April 20, 2022, but has not ceased its infringing activities. Dell's infringement of the '798 Patent has been and continues to be willful and deliberate. Dell also has knowledge of the '798 Patent by way of this complaint and, to the extent

it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

40.     As a result of Dell's direct and indirect infringement of the '798 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Dell's infringement, but in no event less than a reasonable royalty for the use made of the invention by Dell, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 9,232,265

41.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

42.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,232,265, titled "Method, apparatus and system for transitioning an audio/video device between a source mode and a sink mode." The '265 Patent was duly and legally issued by the United States Patent and Trademark Office on January 5, 2016. A true and correct copy of the '265 Patent is attached as Exhibit 13.

43.     On information and belief, Dell has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Dell products (laptops, desktops, and monitors) that support USB-C Revision 1.0 or later, such as the Dell Cl422H Monitor, Alienware Aurora R14 Desktop, Inspiron 3525 Laptop, and Inspiron 7435 Laptop ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '265 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order. Plaintiff's

identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

44.     The Accused Products satisfy all claim limitations of one or more claims of the '265 Patent.    A claim chart comparing exemplary independent claim 8 of the '265 Patent to representative Accused Products is attached as Exhibit 14.

45.     On April 20, 2022, WiLAN sent Dell a letter indicating that certain Dell products infringe at least claim 8 of the '265 Patent and proposed times to discuss a potential license from UCT to practice the '265 Patent.  Ex. 3.  In an email received on May 9, 2022, Dell confirmed receipt of the April 20 letter.    Thereafter, WiLAN and Dell exchanged various emails and documents (including claim charts and PowerPoint presentations) and held numerous calls to discuss the UCT patents (including substantive discussions regarding the alleged infringement, validity of the patents, and potential damages), including calls on May 20, 2022, May 27, 2022, June 23, 2022, August 29, 2022, November 9, 2022, February 15, 2023, April 20, 2023, June 8, 2023, September 18, 2023, and October 5, 2023.  As part of the parties' discussions, WiLAN presented a formal offer for a license to UCT's patents on a June 8, 2023 call.  Dell did not take a license to UCT's patents.

46.     Dell knowingly and intentionally induces infringement of one or more claims of the '265 Patent in violation of 35 U.S.C. § 271(b).  As of April 20, 2022 (or at least as of the time of the filing and service of this complaint), Dell has knowledge of the '265 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '265 Patent, Dell continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 14) to use the Accused Products

in ways that directly infringe the '265 Patent. For example, Dell advertises that its products are compatible with USB-C. *See* Ex. 4 (Alienware Aurora R14 Desktop Setup and Specifications); Ex. 12 (Inspiron 3525 Laptop Setup and Specifications). Dell also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of USB-C. *See, e.g.*, *id.*; *see also* Ex. 6 (Me And My Dell For Inspiron, G-Series, XPS, and Alienware Computers). Dell provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Dell also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '265 Patent, thereby specifically intending for and inducing its customers to infringe the '265 Patent through the customers' normal and customary use of the Accused Products.

47. Dell has also infringed, and continues to infringe, one or more claims of the '265 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '265 Patent, are especially made or adapted to infringe the '265 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of April 20, 2022 (or at least as of the time of the filing and service of this complaint), Dell has knowledge of the '265 Patent and the infringing nature of the Accused Products. Dell has been, and currently is, contributorily infringing the '265 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components in Dell's laptops, desktops, and monitors that support USB-C Release 1.0 or later constitute a material part of the inventions claimed in the '265 Patent, are especially made or adapted to infringe the '265 Patent, and are not staple articles or

commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 14.

48. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Dell has injured Plaintiff and is liable for infringement of the '265 Patent pursuant to 35 U.S.C. § 271.

49. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '265 Patent during the relevant time period or were not required to mark during the relevant time period.

50. As described above, Dell obtained knowledge of the '265 Patent and that certain products infringe the '265 Patent as of at least April 20, 2022, but has not ceased its infringing activities. Dell's infringement of the '265 Patent has been and continues to be willful and deliberate. Dell also has knowledge of the '265 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

51. As a result of Dell's direct and indirect infringement of the '265 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Dell's infringement, but in no event less than a reasonable royalty for the use made of the invention by Dell, together with interest and costs as fixed by the Court.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 8,680,712

52. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

53.    Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,680,712, titled "Power delivery over digital interaction interface for video and audio (DiiVA)." The '712 Patent was duly and legally issued by the United States Patent and Trademark Office on March 25, 2014. A true and correct copy of the '712 Patent is attached as Exhibit 15.

54.    On information and belief, Dell has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Dell products (laptops, desktops, monitors, docking stations, and power adapters) that support USB-C Version 1.0 and later, such as the Dell UltraSharp U4021QW Monitor, Alienware Aurora R14 Desktop, Inspiron 3525 Laptop, and Inspiron 7435 Laptop ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '712 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order. Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

55.    The Accused Products satisfy all claim limitations of one or more claims of the '712 Patent. A claim chart comparing exemplary independent claim 1 of the '712 Patent to representative Accused Products is attached as Exhibit 16.

56.    On April 20, 2022, WiLAN sent Dell a letter indicating that certain Dell products infringe at least claim 1 of the '712 Patent and proposed times to discuss a potential license from UCT to practice the '712 Patent. Ex. 3. In an email received on May 9, 2022, Dell confirmed receipt of the April 20 letter. Thereafter, WiLAN and Dell exchanged various emails and documents (including claim charts and PowerPoint presentations) and held numerous calls to

discuss the UCT patents (including substantive discussions regarding the alleged infringement, validity of the patents, and potential damages), including calls on May 20, 2022, May 27, 2022, June 23, 2022, August 29, 2022, November 9, 2022, February 15, 2023, April 20, 2023, June 8, 2023, September 18, 2023, and October 5, 2023.  As part of the parties' discussions, WiLAN presented a formal offer for a license to UCT's patents on a June 8, 2023 call.  Dell did not take a license to UCT's patents.

57.     Dell knowingly and intentionally induces infringement of one or more claims of the '712 Patent in violation of 35 U.S.C. § 271(b).  As of April 20, 2022 (or at least as of the time of the filing and service of this complaint), Dell has knowledge of the '712 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '712 Patent, Dell continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 16) to use the Accused Products in ways that directly infringe the '712 Patent.  For example, Dell advertises that its products are compatible with USB-C.  *See* Ex. 4 (Alienware Aurora R14 Desktop Setup and Specifications); Ex. 5 (Inspiron 7425 Setup and Specifications).  Dell also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of USB-C. *See, e.g.*, *id.*; *see also* Ex. 6 (Me And My Dell For Inspiron, G-Series, XPS, and Alienware Computers).  Dell provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Dell also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '712 Patent, thereby specifically intending for and inducing its customers to infringe the '712 Patent through the customers' normal and customary use of the Accused Products.

58.     Dell has also infringed, and continues to infringe, one or more claims of the '712 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '712 Patent, are especially made or adapted to infringe the '712 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of April 20, 2022 (or at least as of the time of the filing and service of this complaint), Dell has knowledge of the '712 Patent and the infringing nature of the Accused Products.  Dell has been, and currently is, contributorily infringing the '712 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components in Dell's laptops, desktops, monitors, docking stations, and power adapters that support USB-C Release 1.0 and later constitute a material part of the inventions claimed in the '712 Patent, are especially made or adapted to infringe the '712 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 16.

59.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Dell has injured Plaintiff and is liable for infringement of the '712 Patent pursuant to 35 U.S.C. § 271.

60.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '712 Patent during the relevant time period or were not required to mark during the relevant time period.

61.     As described above, Dell obtained knowledge of the '712 Patent and that certain products infringe the '712 Patent as of at least April 20, 2022, but has not ceased its infringing activities.  Dell's infringement of the '712 Patent has been and continues to be willful and

deliberate. Dell also has knowledge of the '712 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

62.    As a result of Dell's direct and indirect infringement of the '712 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Dell's infringement, but in no event less than a reasonable royalty for the use made of the invention by Dell, together with interest and costs as fixed by the Court.

## COUNT VI

## INFRINGEMENT OF U.S. PATENT NO. 7,856,520

63.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

64.    Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,856,520, titled "Control bus for connection of electronic devices." The '520 Patent was duly and legally issued by the United States Patent and Trademark Office on December 21, 2010. A true and correct copy of the '520 Patent is attached as Exhibit 17.

65.    On information and belief, Dell has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Dell products (laptops, desktops, monitors, docking stations, and USB-C to DP/HDMI adapters) that support DisplayPort Alt Mode on USB Type-C Version 1.0 and later or HDMI Alt Mode for USB-C, such as the G15 Gaming Laptop ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '520 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling

order.  Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

66.     The Accused Products satisfy all claim limitations of one or more claims of the '520 Patent.  A claim chart comparing exemplary independent claim 12 of the '520 Patent to representative Accused Products is attached as Exhibit 18.

67.     Dell also knowingly and intentionally induces infringement of one or more claims of the '520 Patent in violation of 35 U.S.C. § 271(b).  As of at least the filing and service of this complaint, Dell has knowledge of the '520 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '520 Patent, Dell continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 18) to use the Accused Products in ways that directly infringe the '520 Patent.  For example, Dell advertises that its products provide DisplayPort Alternative Mode connections over USB-C.  *See* Ex. 19 (G15 Gaming Laptop Setup and Specifications); Ex. 20 (Dell "DisplayPort over USB-C" Article).  Dell also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of DisplayPort Alternative Mode.  *See, e.g.*, *id.*  Dell provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Dell also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '520 Patent, thereby specifically intending for and inducing its customers to infringe the '520 Patent through the customers' normal and customary use of the Accused Products.

68.     Dell has also infringed, and continues to infringe, one or more claims of the '520 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '520 Patent, are especially made or adapted to infringe the '520 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of at least the filing and service of this complaint, Dell has knowledge of the '520 Patent and the infringing nature of the Accused Products.  Dell has been, and currently is, contributorily infringing the '520 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components in Dell's laptops, desktops, docking stations, and monitors that support DisplayPort Alt Mode on USB Type-C Version 1.0 and later or HDMI Alt Mode for USB-C constitute a material part of the inventions claimed in the '520 Patent, are especially made or adapted to infringe the '520 Patent and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 18.

69.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Dell has injured Plaintiff and is liable for infringement of the '520 Patent pursuant to 35 U.S.C. § 271.

70.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '520 Patent during the relevant time period or were not required to mark during the relevant time period.

71.     As a result of Dell's direct infringement of the '520 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Dell's

infringement, but in no event less than a reasonable royalty for the use made of the invention by Dell, together with interest and costs as fixed by the Court.

72.     As a result of Dell's indirect infringement of the '520 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Dell's infringement, but in no event less than a reasonable royalty for the use made of the invention by Dell, together with interest and costs as fixed by the Court, accruing as of the time Dell obtained knowledge of the '520 Patent.

**COUNT VII**

**INFRINGEMENT OF U.S. PATENT NO. 7,921,231**

73.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

74.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,921,231, titled "Discovery of electronic devices utilizing a control bus."  The '231 Patent was duly and legally issued by the United States Patent and Trademark Office on April 5, 2011.  A true and correct copy of the '231 Patent is attached as Exhibit 21.

75.     On information and belief, Dell has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Dell products (laptops, desktops, and monitors) that support DisplayPort Alt Mode on USB Type-C Version 1.0 and later, such as the Dell Inspiron 14 7435 2-in-1 Laptop ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '231 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.  Plaintiff's identification of the Accused

Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

76.     The Accused Products satisfy all claim limitations of one or more claims of the '231 Patent.  A claim chart comparing exemplary independent claims 10 and 16 of the '231 Patent to representative Accused Products is attached as Exhibit 22.

77.     Dell also knowingly and intentionally induces infringement of one or more claims of the '231 Patent in violation of 35 U.S.C. § 271(b).  As of at least the filing and service of this complaint, Dell has knowledge of the '231 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '231 Patent, Dell continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 22) to use the Accused Products in ways that directly infringe the '231 Patent.  For example, Dell advertises that its products provide DisplayPort Alternative Mode connections over USB-C.  *See* Ex. 23 (Dell Inspiron 14 7435 2-in-1 Laptop Owner's Manual); Ex. 20 (Dell "DisplayPort over USB-C" Article).   Dell also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of DisplayPort Alternative Mode.  *See, e.g.*, *id*.  Dell provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Dell also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '231 Patent, thereby specifically intending for and inducing its customers to infringe the '231 Patent through the customers' normal and customary use of the Accused Products.

78.     Dell has also infringed, and continues to infringe, one or more claims of the '231 Patent by selling, offering for sale, or importing into the United States, the Accused Products,

knowing that the Accused Products constitute a material part of the inventions claimed in the '231 Patent, are especially made or adapted to infringe the '231 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of at least the filing and service of this complaint, Dell has knowledge of the '231 Patent and the infringing nature of the Accused Products. Dell has been, and currently is, contributorily infringing the '231 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components in Dell's laptops, desktops, docking stations, and monitors that support DisplayPort Alt Mode on USB Type-C Version 1.0 and later constitute a material part of the inventions claimed in the '231 Patent, are especially made or adapted to infringe the '231 Patent and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 22.

79.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Dell has injured Plaintiff and is liable for infringement of the '231 Patent pursuant to 35 U.S.C. § 271.

80.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '231 Patent during the relevant time period or were not required to mark during the relevant time period.

81.     As a result of Dell's direct infringement of the '231 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Dell's infringement, but in no event less than a reasonable royalty for the use made of the invention by Dell, together with interest and costs as fixed by the Court.

82.     As a result of Dell's indirect infringement of the '231 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Dell's infringement, but in no event less than a reasonable royalty for the use made of the invention by Dell, together with interest and costs as fixed by the Court, accruing as of the time Dell obtained knowledge of the '231 Patent.

## COUNT VIII

## INFRINGEMENT OF U.S. PATENT NO. 9,852,103

83.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

84.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,852,103, titled "Bidirectional transmission of USB data using audio/video data channel." The '103 Patent was duly and legally issued by the United States Patent and Trademark Office on December 26, 2017. A true and correct copy of the '103 Patent is attached as Exhibit 24.

85.     On information and belief, Dell has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Dell products (laptops, desktops, monitors, and docking stations) that support USB 4 Version 1.0 and later, such as the Alienware m17 R5 AMD Laptop ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '103 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order. Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

86.     The Accused Products satisfy all claim limitations of one or more claims of the '103 Patent.   A claim chart comparing exemplary independent claim 21 of the '103 Patent to representative Accused Products is attached as Exhibit 25.

87.     Dell also knowingly and intentionally induces infringement of one or more claims of the '103 Patent in violation of 35 U.S.C. § 271(b).   As of at least the filing and service of this complaint, Dell has knowledge of the '103 Patent and the infringing nature of the Accused Products.   Despite this knowledge of the '103 Patent, Dell continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 25) to use the Accused Products in ways that directly infringe the '103 Patent.   For example, Dell advertises that its products are compatible with USB.   *See* Ex. 26 (Alienware m17 R5 AMD Laptop Setup and Specifications).   Dell also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of USB.   *See, e.g.*, *id*.   Dell provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.   Dell also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '103 Patent, thereby specifically intending for and inducing its customers to infringe the '103 Patent through the customers' normal and customary use of the Accused Products.

88.     Dell has also infringed, and continues to infringe, one or more claims of the '103 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '103 Patent, are especially made or adapted to infringe the '103 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.   As of at least the filing and service of

this complaint, Dell has knowledge of the '103 Patent and the infringing nature of the Accused Products. Dell has been, and currently is, contributorily infringing the '103 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components in Dell's laptops, desktops, and monitors that support USB 4 Version 1.0 and later constitute a material part of the inventions claimed in the '103 Patent, are especially made or adapted to infringe the '103 Patent and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 25.

89. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Dell has injured Plaintiff and is liable for infringement of the '103 Patent pursuant to 35 U.S.C. § 271.

90. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '103 Patent during the relevant time period or were not required to mark during the relevant time period.

91. As a result of Dell's direct infringement of the '103 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Dell's infringement, but in no event less than a reasonable royalty for the use made of the invention by Dell, together with interest and costs as fixed by the Court.

92. As a result of Dell's indirect infringement of the '103 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Dell's infringement, but in no event less than a reasonable royalty for the use made of the invention by Dell, together with interest and costs as fixed by the Court, accruing as of the time Dell obtained knowledge of the '103 Patent.

## COUNT IX

### DECLARATORY JUDGMENT THAT PLAINTIFF HAS NEGOTIATED IN GOOD FAITH TOWARD A LICENSE WITH DELL, HAS NOT VIOLATED THE VESA OR USB-IF IPR POLICIES, AND HAS NOT VIOLATED COMPETITION LAW

93.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

94.     Plaintiff's '905, '307, '798, '265, '712, '520, '231, and '103 Patents were previously assigned to Lattice Semiconductor Corporation ("Lattice"), which is a member of the Video Electronics Standards Association ("VESA") and the USB Implementers Forum, Inc. ("USB-IF"). Lattice was required to comply with the VESA and USB-IF IPR policies to the extent the '905, '307, '798, '265, '712, '520, '231, and '103 Patents contain Necessary Claims as defined in the VESA and USB-IF IPR policies.

95.     Plaintiff has fully performed its obligations under the VESA and USB-IF IPR policies, to the extent they apply to Plaintiff's '905, '307, '798, '265, '712, '520, '231, and '103 Patents, but Dell disagrees and has refused to license these patents. Plaintiff has at all times been prepared to grant Dell a license to the '905, '307, '798, '265, '712, '520, '231, and '103 Patents. There is a dispute between Plaintiff and Dell concerning whether Plaintiff has negotiated in good faith towards a license to Plaintiff's '905, '307, '798, '265, '712, '520, '231, and '103 Patents, and whether Plaintiff or its predecessors-in-interest have complied with the VESA and USB-IF IPR policies. There is a case or controversy of sufficient immediacy, reality, and ripeness to warrant the issuance of declaratory judgment.

96.     Plaintiff requests a declaratory judgment that its negotiations toward a license with Dell were conducted in good faith, are not in violation of the VESA or USB-IF IPR policies, and are consistent with competition law requirements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Dell has infringed, either literally and/or under the doctrine of equivalents, the '905, '307, '798, '265, '712, '520, '231, and '103 Patents;

b. A judgment and order requiring Dell to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Dell's infringement of the '905, '307, '798, '265, '712, '520, '231, and '103 Patents;

c. A judgment that Dell's infringement of the '905, '307, '798, '265, and '712 Patents has been willful and order requiring Dell to pay treble damages for willful infringement;

d. A judgment and order requiring Dell to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

e. A judgment and order requiring Dell to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

f. A declaration that Plaintiff has negotiated in good faith with Dell towards a license for the '905, '307, '798, '265, '712, '520, '231, and '103 Patents, has not violated the VESA or USB-IF IPR policies, and has not violated competition law.

g. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Dell; and

h. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: December 12, 2023

Respectfully submitted,

*/s/ Brett Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth R. Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Jonathan Yim (TX SBN 24066317)
jyim@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Phone: 212-951-0100

***Attorneys for Plaintiff Universal Connectivity Technologies Inc.***