# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UNIVERSAL CONNECTIVITY §<br>TECHNOLOGIES INC., §<br>    *Plaintiff* §<br>§<br>v. §<br>§<br>DELL TECHNOLOGIES INC. and §<br>DELL INC., §<br>    *Defendants* § | CIVIL NO. 1:23-CV-01506-RP |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE ROBERT PITMAN
         UNITED STATES DISTRICT JUDGE

Before the Court are Defendants Dell Technologies Inc. and Dell Inc.'s Opposed Motion to Dismiss, filed February 7, 2024 (Dkt. 18); Plaintiff's Opposition to Defendants' Motion to Dismiss, filed February 28, 2024 (Dkt. 20); and Defendants' Reply, filed March 13, 2024 (Dkt. 24). By Text Order issued March 27, 2024, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.  Background

Plaintiff Universal Connectivity Technology ("UCT") accuses Defendants Dell Technologies Inc. and Dell Inc. ("Dell") of infringing eight Asserted Patents[1] through direct infringement, inducement, and contributory infringement. The Asserted Patents generally relate to technologies for connecting and communicating between multiple devices, such as computers, mobile phones,

---

[1] U.S. Patent Nos. 7,154,905 ("'905 Patent"), 7,187,307 ("'307 Patent"), 7,746,798 ("'798 Patent"), 9,232,265 ("'265 Patent"), 8,680,712 ("'712 Patent"), 7,856,520 ("'520 Patent"), 7,921,231 ("'231 Patent"), and 9,852,103 ("'103 Patent")

or peripheral devices. Dkt. 18 at 5. In its partial motion to dismiss, Dell asks the Court to dismiss UCT's claims as to direct infringement the '231 and '712 Patents; induced infringement of the '712, '520, '231, and '103 Patents; and contributory infringement.

## II.   Legal Standards for Motions to Dismiss

Rule 8(a)(2) "generally requires only a plausible 'short and plain' statement of the plaintiff's claim" showing that the plaintiff is entitled to relief. *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In patent cases, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). The *Iqbal* and *Twombly* pleading standards apply to claims of inducement and contributory infringement. *Superior Indus., LLC v. Thor Glob. Enters. Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012).

A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and rarely granted. *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024). In determining whether a plaintiff's claims survive

such a motion, the factual information to which the court addresses its inquiry is limited to the (1) facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). Here, the Court considers the complaint and attached patents and claim charts.

### III.   Direct Infringement

Direct patent infringement occurs when "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent therefor." 35 U.S.C. § 271(a). Issues that are unique to patent law are governed by Federal Circuit precedent. *See Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1279 (Fed. Cir. 2012).

In *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021), the Federal Circuit embraced a flexible pleading standard for direct infringement, inquiring "whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." The court explained that:

> The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device. Accordingly, a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.

*Id.* at 1353; *see also Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 916 (W.D. Tex. 2022) (quoting *Bot M8*, 4 F.4th at 1353). Although *Bot M8* was decided under the law of the Ninth Circuit, the Fifth Circuit's pleading standards are not materially distinct, and the opinion supplies "welcome guidance regarding pleading requirements for direct infringement." *Repairify, Inc. v. Keystone Auto. Indus., Inc.*, 610 F. Supp. 3d 897, 901 (W.D. Tex. 2022).

An element-by-element pleading of fact for each asserted patent claim is not required. *Sesaco Corp. v. Equinom Ltd.*, No. 1:20-CV-1053-LY, 2022 WL 1546642, at *1 (W.D. Tex. Mar. 11, 2022). But: "To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims." *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, No. SA-18-CV-1335-XR, 2019 WL 2601347, at *3 (W.D. Tex. June 25, 2019). Under any standard, "the complaint must support its entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation." *Vervain, LLC v. Michron Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (quoting *Bot M8*, 4 F.4th at 1353).

**A. Direct Infringement of the '231 Patent**

The '231 Patent is directed to the means by which a device can "discover" another device by coupling the first device (a "transmitting device") to the other device (a "receiving device") through a cable, such as a USB cable. Dkt. 20 at 8. UCT alleges that Dell infringes Claims 10 and 16 of the '231 Patent. Claim 10 is directed to the functionality of the transmitting device, while Claim 16 is directed to the functionality of the receiving device. *Id.*

Dell argues that: "Because UCT fails to identify a Dell product containing or corresponding to each of the recited devices, much less allege that Dell combines all elements into a single product, its direct infringement claims are deficient and should be dismissed." Dkt. 18 at 16. UCT responds that the patent treats the transmitting and receiving devices as separate, but Dell "seeks to re-draft the '231 Patent claims to require that a <u>single</u> device comprise *both* the 'transmitting device' and 'receiving device.'" Dkt. 20 at 9. UCT also contends that Dell's arguments are for claim construction, not the motion to dismiss stage.

1. **Claim 10**

Dell argues that direct infringement requires that the defendant sell a single product including all claim elements, citing *CTD Networks, LLC v. Google, LLC*, 688 F. Supp. 3d 490, 501 (W.D. Tex. 2023).[2] Dell contends that the plain language of Claim 10's recitation of a transmitting device that "transmits signals to a receiving device" indicates that the receiving device is a required structure of the claim. Dkt. 18 at 16 (citing *Apple Inc. v. MPH Techs. Oy*, 28 F.4th 254, 261 (Fed. Cir. 2022)). Dell argues that because the plain language of Claim 10 requires both a transmitting device and a receiving device, UCT must plead facts sufficient to support a reasonable inference that Dell sells both a transmitting and receiving device together as a single product, but has not done so. Dkt. 18 at 17 ("Plaintiff thus fails to identify a Dell product that satisfies all elements of claim 10 of the '231 Patent. Nor has it alleged that Dell combines multiple products into a single infringing system.").

UCT persuasively distinguishes *CTD Networks*, 688 F. Supp. 3d at 499, as pertaining to systems claims ("For systems claims, a defendant must 'combine all of the claim elements' to make the patented system.") (citation omitted). UCT argues that because Claim 10 is an apparatus – not systems – claim directed to a transmitting device, the claim simply refers to functionality of the recited transmitter device and its power bus. "In other words, claim 10 only requires that the 'transmitter device' comprise 'a power bus' and that the 'power bus' be capable of being 'powered by the receiving device.' This is because 'capability is enough to infringe the claims.'" Dkt. 20 at 10 (quoting *United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 2:20-CV-00319-JRG-RSP, 2022

---

[2] The parties appear to confuse orders granting motions to dismiss issued the same day in two related cases. Most of their citations are to *CTD Networks, LLC v. Google, LLC*, No. WA-22-cv-01042-XR, 2023 WL 5417139 (W.D. Tex. Aug. 22, 2023), published at 688 F. Supp. 3d 490 (W.D. Tex. 2023), *appeal dismissed*, 2024 WL 2587917 (Fed. Cir. May 24, 2024); *but see* Dkt. 18 at 8 (quoting *CTD Networks LLC v. Microsoft Corp.*, No. W-22-CV-01049-XR, 2023 WL 5417141, at *9 (W.D. Tex. Aug. 22, 2023)). Unless otherwise indicated, the Court cites the published opinion in *CTD Networks v. Google*.

WL 1453204, at *5 (E.D. Tex. Apr. 17, 2022), *R. & R. adopted*, 2022 WL 1463984 (E.D. Tex. May 6, 2022). UCT also contends that

> there is no requirement that the "receiving device" also be a Dell product because the claim is agnostic as to the manufacturer of the "receiving device." Rather, claim 10 requires that the claimed apparatus (*i.e.*, the accused Dell "transmitting device") be configured to perform the recited functionality when it is, in fact, "powered by the receiving device."

Dkt. 20 at 11.

In reply, Dell argues that UCT's construction is implausible because (1) it would improperly read the receiving device out of the claim; (2) there is no support in the intrinsic record for "the concept of mere capability"; and (3) the recitation "powered by the receiving device" requires that the receiving device provides power. Dkt. 24 at 7-8. Dell also argues that UCT's implication that the asserted claims of the '231 and '712 Patents should be limited to the terms of their preambles is "yet another implausible, unsupported claim construction position." *Id.* at 9 (citing *Cochlear Bone Anchored Sols. v. Oticon Med.*, 958 F.3d 1348, 1354 (Fed. Cir. 2020), for the proposition that a preamble is presumed not to limit the claim).

The Court finds that UCT's allegations as to Claim 10 meet the plausibility standard. *See Pedersen v. Zoho Corp.*, No. 1:23-CV-71-DII, 2023 WL 3612333, at *2 (W.D. Tex. May 23, 2023) (denying motion to dismiss when plaintiff plausibly stated a claim for direct infringement); *Repairify*, 610 F. Supp. 3d at 905 (same); *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, No. 6:21-CV-00165-ADA, 2022 WL 118955, at *3 (W.D. Tex. Jan. 12, 2022) (same). Whether a single product must comprise both a transmitting device and a receiving device to infringe Claim 10 is a question for claim construction. *OBD Sensor Sols. LLC v. Track What Matters, L.L.C.*, No. 2:22-cv-00124-JRG-RSP, 2023 WL 1827922, at *2 (E.D. Tex. Jan. 20, 2023), *R. & R. adopted*, 2023 WL 1818268 (E.D. Tex. Feb. 8, 2023) ("The general rule is that courts do not engage in claim construction at the pleadings stage unless it is clear that the claims cannot plausibly be construed to cover the

accused instrumentalities."). This Magistrate Judge recommends that the District Court deny the motion to dismiss as to Claim 16 of the '213 Patent.

### 2. Claim 16

Dell argues that, like Claim 10, Claim 16 also requires a coupled pair of devices. Dell contends that a specific limitation of Claim 16—"logic to discover a transmitting device coupled with the receiving device"—requires a transmitting device. Dkt. 24 at 14 (citing Dkt. 1-21 at 13:34-35). Dell argues that "the plain language of the claim element 'a transmitting device coupled with the receiving device' requires a transmitting device that *is* coupled with the receiving device and is, thus, a required structural element of claim 16." Dkt. 18 at 18. Again, UCT responds that, at this stage of the litigation, "there is no basis for the Court to construe claim 16 to require a 'receiving device' that comprises a 'transmitting device' and/or 'a coupled pair of devices.'" Dkt. 20 at 13.

The Court agrees that Dell's arguments are for claim construction and finds that UCT's allegations as to claim 16 also meet the plausibility standard. The Court recommends that the District Court deny the motion to dismiss as to Claim 16 of the '213 Patent.

## B. Direct Infringement of the '712 Patent

The parties' arguments as to alleged direct infringement of the '712 Patent are similar to those above. The '712 Patent contains 10 claims, but UCT alleges that Dell infringes only Claim 1:

> What is claimed is:
> 1. A power delivery circuit configured to deliver power to one or more of a plurality of devices connected in a network, the power delivery circuit comprising:
>   a voltage source configured to generate a voltage;
>   a power relay switch configured to relay, when closed, the voltage generated by the voltage source to one or more of the connected devices;
>   a signature resistor connected to the switch and configured to detect a power source from one or more of the connected devices; and
>   a load detector connected to the switch and configured to read a load current flowing therethrough so as to detect a load in one of the connected devices, and to extract information about the connected device based on the load current;

7

> wherein the information extracted by the load detector comprises information regarding whether the connected device is powered on or powered off, and whether or not the connected device needs a supply of power.

Dkt. 1-15 at 7:2-19. Dell argues that because several limitations of Claim 1 "can only be satisfied when one or more connected devices is connected to the power delivery circuit, one or more connected devices is a required structural element of claim 1." Dkt. 18 at 19-20. It contends that this claim should be dismissed because UCT does not allege that any Dell product is a connected device "and, in fact, admits there may not be any." Dkt. 24 at 11.

UCT responds that Claim 1 "is an apparatus claim directed to certain functionality of '[a] power delivery circuit' which is 'configured to deliver power to one or more of a plurality of devices.'" Dkt. 20 at 15. UCT asserts that the claimed "power delivery circuit" need only be "'configured to' perform certain functionality in relation to other, separate 'connected devices' when they are, in fact, connected." *Id.* at 16.

> UCT maintains that the "one or more connected devices" are other "USB-C device(s)." Those other devices can be, but need not be, a Dell USB-C device. Claim 1 of the '712 Patent is an apparatus claim and is agnostic as to the manufacturer of the "one or more connected devices"—the invention is directed to the "power delivery circuit" and its components and functionality, which is supplied by Dell.

*Id.* at 17 (citations omitted) (citing *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 970 (Fed. Cir. 2022)).

At this stage of the proceeding, the Court finds that UCT has plausibly stated a claim of direct infringement as to claim 1 of the '712 Patent. Dell's argument that it must combine multiple products into an infringing system should be directed to claim construction. This Magistrate Judge recommends against dismissal of this claim.

### IV.   Indirect Infringement

Dell makes four arguments that UCT has not pled sufficient facts to support its indirect infringement claims: (1) the complaint does not support a reasonable inference that anyone directly

infringes the '712 and '231 Patents, as required for inducement and contributory infringement; (2) UCT does not plead Dell's pre-suit knowledge of the '231, '520, and '103 Patents; (c) the complaint does not support a reasonable inference that Dell encourages use of the features UCT alleges infringe the '231, '520, and '103 Patents; and (d) the complaint does not support a reasonable inference that Dell contributes to infringement of any Asserted Patent. None of these arguments persuade the Court to recommend dismissal of UCT's indirect infringement claims.

### A. UCT Has Pled Direct Infringement of the '712 and '231 Patents

Dell first argues that UCT's indirect infringement claims fail because UCT has not plausibly pled a claim for direct infringement. *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("[T]here can be no inducement or contributory infringement without an underlying act of direct infringement.") (citation omitted). As explained above, the Court recommends that the District Court find that UCT has pled direct infringement of the '712 and '213 Patents by Dell. Therefore, the Court disagrees with Dell's argument.

### B. UCT Need Not Plead that Dell Knew of the '231, '521, and '103 Patents Pre-Suit

Next, Dell contends that the Court should dismiss UCT's indirect infringement claims as to the '520, '231, and '103 Patents because UCT "cites only its complaint to establish knowledge" of those patents and the alleged infringement. Dkt. 24 at 13. Dell argues that a claim for induced or contributory infringement "require[s] proof that the defendant's conduct occurred *after* the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement of the patent." Dkt. 18 at 8 (quoting *CTD Networks LLC v. Microsoft Corp.*, No. W-22-CV-01049-XR, 2023 WL 5417141, at *9 (W.D. Tex. Aug. 22, 2023)). Dell argues that knowledge of the asserted patent or alleged infringement arising from the complaint's filing cannot support a claim of indirect infringement because it would require the Court to "bootstrap the knowledge Defendants *now* have based on Plaintiff's filing of the Complaint onto

9

defendant's acts *before* Plaintiff filed its complaint*."* *Id.* (quoting *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC (ANx), 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012)). Dell also contends that UCT's claims for inducement and contributory infringement of the '520 and '103 Patents should be dismissed because UCT relies only on Dell's post-suit knowledge. *Id.*

UCT responds that its allegations are for post-suit indirect infringement, and knowledge gained through service of a patent infringement complaint is sufficient to support this claim. UCT points out that it seeks "past, present, and future" damages for direct infringement but only "present and future" damages for indirect infringement. Dkt. 20 at 18. UCT cites *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 779 (W.D. Tex. 2022), in which the Court concluded that a plaintiff may found a willful infringement claim exclusively on post-suit conduct; *see also Atlas Glob. Techs., LLC v. Sercomm Corp.*, 638 F. Supp. 3d 721, 730 (W.D. Tex. 2022) ("Because Atlas alleges that Sercomm has knowledge of the Asserted Patents and of the alleged infringement at least at the commencement of this action, the Court finds that Atlas has sufficiently alleged its post-suit indirect and willful infringement claims."); *Scramoge Tech. Ltd. v. Anker Innovations Ltd.*, No. 5:21-CV-01712-DOC-ADS, 2022 WL 2204145, at *3-4 (C.D. Cal. Feb. 25, 2022) (finding that *Bill of Lading*, 681 F.3d 1323, is "tacit approval for post-suit indirect infringement claims predicated on post-suit knowledge from service with a complaint. In light of *Bill of Lading* and the decisions of other district courts, the Court sees no reason to require plaintiffs to plead pre-suit knowledge in asserting post-suit indirect infringement claims.").

While acknowledging that courts have reached different conclusions on this issue, the Court finds that UCT has the better part of this argument. Over the past two years, in the opinions cited above, courts in the Western District of Texas and elsewhere have permitted post-suit indirect infringement claims pleading knowledge arising from the complaint to survive motions to dismiss.

**C. UCT Has Pled Specific Intent to Induce Infringement of the '520, '231, and '103 Patents**

Third, Dell argues that UCT does not plead sufficient facts to support a reasonable inference that it had the specific intent to induce infringement. To support an inference of intent to induce, instructions must show an intent to encourage infringement; merely describing an infringing mode is not the same as recommending, encouraging, or promoting an infringing use, or suggesting that an infringing use should be performed. *Takeda Pharms. U.S.A., Inc. v. W.-Ward Pharm. Corp.*, 785 F.3d 625, 631 (Fed. Cir. 2015). Dell contends that UCT does not sufficiently allege that it encourages use of the allegedly infringing features.

Dell argues that inducement must go beyond a product's characteristics or knowledge that the product may be put to infringing uses, and that statements or actions "directed to promoting infringement" must be shown. Dkt. 18 at 9. It contends that the third-party documents describing the USB, HDMI, and DisplayPort standards used by UCT are insufficient to support an inference that it encourages or promotes the alleged infringement. *Id.* at 10. Dell also argues that:

> Because, at most, the Dell documents cited in the complaint and claim charts on the '520, '231, and '103 Patents merely "describe some of the ways that the accused products can be configured and, in the process, explain some of the advantages and disadvantages associated with different configurations," they are insufficient to support a reasonable inference that Dell encourages the alleged infringement.

*Id.* at 12.

UCT responds that it set forth specific evidence to support its claims through factual allegations and citations in its claim charts, including to online instructional documents and other documents showing product setup and specifications. UCT cites *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (reversing dismissal of induced infringement claim when plaintiff alleged that defendants "had knowledge of the [ ] patent and performed various activities with specific intent to induce others . . . to infringe by, among other activities, providing instructions,

11

support, and technical assistance for the use of the [accused product]")). In reply, Dell argues that Courts will not infer specific intent from "passing references to user manuals, guides, and support articles," *Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *2 (N.D. Cal. Apr. 2, 2019), or documents that merely "identify and describe allegedly infringing functionality," *Memory Integrity, LLC v. Intel Corp.*, 144 F. Supp. 3d 1185, 1196 (D. Or. 2015). Dkt. 24 at 14.

Having carefully considered the parties' arguments, cited cases, and the complaint and claim charts, the Court finds that UCT "makes a ***plausible*** showing that discovery will reveal evidence in support of its inducement claims." *Hafeman v. LG Elecs. Inc.*, No. 6:21-CV-00696-ADA-DTG, 2022 WL 3723304, at *5 (W.D. Tex. Aug. 28, 2022) (cleaned up) (quoting *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 831-32 (E.D. Tex. 2019)). At this early stage of the proceeding, that is enough. The Court recommends against dismissal of these claims.

## D.  UCT Has Sufficiently Pled Contributory Infringement

Finally, Dell contends that UCT does not plead facts sufficient to support a reasonable inference that it contributes to infringement of any Asserted Patent. A party is liable for contributory infringement if it (1) "offers to sell or sells a component of a patented machine . . . or a material or apparatus for use in practicing a patented process" that (2) constitutes "a material part of the invention," if (3) the party knows the material or apparatus "to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-cv-999-RP, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018) (quoting 35 U.S.C. § 271(c)). To state a claim for contributory infringement, a plaintiff must plausibly allege that the accused infringer knew of the asserted patents and "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *ACQIS LLC v.*

12

*Wiwynn Corp.*, 614 F. Supp. 3d 499, 504 (W.D. Tex. 2022) (citations omitted). This inquiry "focuses on whether the accused products can be used for purposes *other than* infringement." *Bill of Lading*, 681 F.3d at 1338.

First, Dell argues that UCT's factual pleadings are insufficient. In response, UCT points to the allegations in its complaint with respect to the '520 Patent:

> Dell has also infringed, and continues to infringe, one or more claims of the '520 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '520 Patent, are especially made or adapted to infringe the '520 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of at least the filing and service of this complaint, Dell has knowledge of the '520 Patent and the infringing nature of the Accused Products. Dell has been, and currently is, contributorily infringing the '520 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, the identified hardware and/or software components in Dell's laptops, desktops, docking stations, and monitors that support DisplayPort Alt Mode on USB Type-C Version 1.0 and later or HDMI Alt Mode for USB-C constitute a material part of the inventions claimed in the '520 Patent, are especially made or adapted to infringe the '520 Patent and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 18.

Dkt. 1 ¶ 68. The Court finds that UCT pleads sufficient facts. Because the complaint does not fail to present "factual underpinnings" to support its allegation that Dell "knew its products were not a staple article of commerce capable of substantial non-infringing use," this case is distinguishable from *Apple Inc. v. Princeps Interface Techs. LLC*, No. 19-cv-06532-EMC, 2020 WL 1478350, at *6 (N.D. Cal. Mar. 26, 2020), one of the cases on which Dell relies.

Dell also argues that UCT's claims of contributory infringement of the '520, '231, and '103 Patents should be dismissed because, "for at least some of the Asserted Patents, the documents cited in the claim charts demonstrate that each accused Dell product or feature *is* suitable for noninfringing use." Dkt. 18 at 13. Specifically, Dell contends that documents UCT cites in its complaint and '103 Patent claim chart makes clear that the accused Alt Mode and USB 4 feature

13

and functionality have substantial noninfringing uses. *Id.* at 14; Dkt. 24 at 15. *See Uniloc 2017 LLC v. Zenpayroll, Inc.*, No. 19-1075- CFC-SRF, 2020 WL 4260616, at *6 (D. Del. July 23, 2020) (recommending dismissal of contributory infringement claim), *R. & R. adopted*, 2020 WL 5077416 (D. Del. Aug. 27, 2020). UCT responds that, to the extent Dell disputes its allegations, it raises a fact issue that should not be decided at the motion to dismiss stage.[3] Dkt. 20 at 25 (citing *Nalco*, 883 F.3d at 1357) (holding that to the extent defendant disputing the allegation of no substantial noninfringing uses, "this is a factual inquiry not suitable for resolution on a motion to dismiss").

Although a close question, the Court agrees that Dell's arguments on substantial noninfringing uses raise issues of fact. Ultimately, the burden of proof as to the absence of substantial non-infringing uses will fall on UCT, but the complaint need not "plead with specificity something that does not exist" to state a claim for contributory infringement. *Hafeman*, 2022 WL 3723304, at *5 (quoting *EyesMatch Ltd. v. Facebook, Inc.*, 2021 WL 4501858, at *10 (D. Del. Oct. 1, 2021), *R. & R. adopted*, 2021 WL 5061730 (D. Del. Oct. 18, 2021)). The Court recommends denying the motion to dismiss the contributory infringement claims.

## V.     Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendants Dell Technologies Inc. and Dell Inc.'s Opposed Motion to Dismiss (Dkt. 18).

**IT IS ORDERED** that the Clerk remove this case from the Magistrate Court's docket and return it to the docket of the Honorable Robert Pitman.

---

[3] UCT also argues that it "has sufficiently pled that the <u>specific accused functionality</u> in the accused Dell products is not suitable for noninfringing use," stating: "The relevant inquiry is not whether the entire accused Dell product or some feature thereof has any substantial non-infringing uses." Dkt. 20 at 24. The Court agrees with Dell that this argument is unavailing because Dell directed its briefing to whether the specific accused features and functionalities of its products have substantial non-infringing uses.

## VI.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 17, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE