**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> DELL TECHNOLOGIES INC. and DELL INC., <br><br> Defendants. | Case No.  1:23-cv-1506-RP <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF UNIVERSAL CONNECTIVITY TECHNOLOGIES INC.'S
ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff Universal Connectivity Technologies, Inc.'s ("UCT") files its Answer to Plaintiffs Dell Technologies Inc. and Dell Inc.'s (collectively, "Dell") Counterclaims (Dkt. No. 37, the "Counterclaims").

## ANSWER

UCT responds to the allegations contained in the numbered paragraphs of Dell's Counterclaims.   Except as specifically admitted herein, UCT denies all allegations and characterizations in Dell's Counterclaims.

## DELL'S COUNTERCLAIMS[1]

## THE PARTIES

1.      On information and belief, UCT admits that Dell Inc. and Dell Technologies Inc. are Delaware corporations with their principal places of business at One Dell Way, Round Rock, Texas, 78664.

2.      UCT admits that UCT is a Delaware corporation with its principal place of business at 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

3.      To the extent paragraph 3 of the Counterclaims implicates legal conclusions, no response is required.  UCT denies any remaining allegations in paragraph 3.

4.      To the extent paragraph 4 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that this Court has subject matter jurisdiction over the Counterclaims but denies any remaining allegations in paragraph 4.

---

[1] UCT repeats the headings in the Counterclaims.  In doing so, UCT makes no admissions regarding the substance of the headings.  Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, UCT specifically denies all such allegations.

5.      To the extent paragraph 5 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that this Court has personal jurisdiction over UCT for this action only, but denies any remaining allegations in paragraph 5.

6.      To the extent paragraph 6 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that this Court is a proper venue for this action only, but denies any remaining allegations in paragraph 6.

## BACKGROUND

7.      Admitted.

8.      To the extent paragraph 8 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that there is an actual and justiciable controversy between UCT and Dell regarding the validity, enforceability, and infringement of the Patents-In-Suit, but denies any remaining allegations in paragraph 8.

9.      To the extent paragraph 9 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT denies the allegations in paragraph 9.

## FIRST COUNTERCLAIM
### (Declaration of Non-Infringement of U.S. Patent No. 7,154,905)

10.      UCT repeats and incorporates by reference as if fully set forth herein its responses to paragraphs 1-9 above.

11.      UCT admits that it has filed an infringement action in this Court to enforce U.S. Patent No. 7,154,905 ("the '905 Patent") against Dell.  UCT denies any remaining allegations in paragraph 11.

12.      Denied.

13.     To the extent paragraph 13 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that there is an actual and justiciable controversy between UCT and Dell regarding Dell's infringement of the '905 Patent, but denies any remaining allegations in paragraph 13.

14.     Denied.

## SECOND COUNTERCLAIM
**(Declaration of Non-Infringement of U.S. Patent No. 7,187,307)**

15.     UCT repeats and incorporates by reference as if fully set forth herein its responses to paragraphs 1-14 above.

16.     UCT admits that it has filed an infringement action in this Court to enforce U.S. Patent No. 7,187,307 ("the '307 Patent") against Dell.  UCT denies any remaining allegations in paragraph 16.

17.     Denied.

18.     To the extent paragraph 18 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that there is an actual and justiciable controversy between UCT and Dell regarding Dell's infringement of the '307 Patent, but denies any remaining allegations in paragraph 18.

19.     Denied.

## THIRD COUNTERCLAIM
**(Declaration of Non-Infringement of U.S. Patent No. 7,746,798)**

20.     UCT repeats and incorporates by reference as if fully set forth herein its responses to paragraphs 1-19 above.

21.     UCT admits that it has filed an infringement action in this Court to enforce U.S. Patent No. 7,746,798 ("the '798 Patent") against Dell.  UCT denies any remaining allegations in paragraph 11.

22.     Denied.

23.     To the extent paragraph 23 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that there is an actual and justiciable controversy between UCT and Dell regarding Dell's infringement of the '798 Patent, but denies any remaining allegations in paragraph 23.

24.     Denied.

## FOURTH COUNTERCLAIM
### (Declaration of Non-Infringement of U.S. Patent No. 9,232,265)

25.     UCT repeats and incorporates by reference as if fully set forth herein its responses to paragraphs 1-24 above.

26.     UCT admits that it has filed an infringement action in this Court to enforce U.S. Patent No. 9,232,265 ("the '265 Patent") against Dell.  UCT denies any remaining allegations in paragraph 26.

27.     Denied.

28.     To the extent paragraph 28 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that there is an actual and justiciable controversy between UCT and Dell regarding Dell's infringement of the '265 Patent, but denies any remaining allegations in paragraph 28.

29.     Denied.

## FIFTH COUNTERCLAIM
### (Declaration of Non-Infringement of U.S. Patent No. 8,680,712)

30.     UCT repeats and incorporates by reference as if fully set forth herein its responses to paragraphs 1-29 above.

31.     UCT admits that it has filed an infringement action in this Court to enforce U.S. Patent No. 8,680,712 ("the '712 Patent") against Dell.  UCT denies any remaining allegations in paragraph 31.

32.     Denied.

33.     To the extent paragraph 33 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that there is an actual and justiciable controversy between UCT and Dell regarding Dell's infringement of the '712 Patent, but denies any remaining allegations in paragraph 33.

34.     Denied.

**SIXTH COUNTERCLAIM**
**(Declaration of Non-Infringement of U.S. Patent No. 7,856,520)**

35.     UCT repeats and incorporates by reference as if fully set forth herein its responses to paragraphs 1-34 above.

36.     UCT admits that it has filed an infringement action in this Court to enforce U.S. Patent No. 7,856,520 ("the '520 Patent") against Dell.  UCT denies any remaining allegations in paragraph 36.

37.     Denied.

38.     To the extent paragraph 38 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that there is an actual and justiciable controversy between UCT and Dell regarding Dell's infringement of the '712 Patent, but denies any remaining allegations in paragraph 38.

39.     Denied.

**SEVENTH COUNTERCLAIM**
**(Declaration of Non-Infringement of U.S. Patent No. 7,921,231)**

40.     UCT repeats and incorporates by reference as if fully set forth herein its responses to paragraphs 1-39 above.

41.     UCT admits that it has filed an infringement action in this Court to enforce U.S. Patent No. 7,921,231 ("the '231 Patent") against Dell.  UCT denies any remaining allegations in paragraph 41.

42.     Denied.

43.     To the extent paragraph 43 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that there is an actual and justiciable controversy between UCT and Dell regarding Dell's infringement of the '231 Patent, but denies any remaining allegations in paragraph 43.

44.     Denied.

**EIGHTH COUNTERCLAIM**
**(Declaration of Non-Infringement of U.S. Patent No. 9,852,103)**

45.     UCT repeats and incorporates by reference as if fully set forth herein its responses to paragraphs 1-44 above.

46.     UCT admits that it has filed an infringement action in this Court to enforce U.S. Patent No. 9,852,103 ("the '103 Patent") against Dell.  UCT denies any remaining allegations in paragraph 46.

47.     Denied.

48.     To the extent paragraph 48 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that there is an actual and

justiciable controversy between UCT and Dell regarding Dell's infringement of the '103 Patent, but denies any remaining allegations in paragraph 48.

49.     Denied.

## NINTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 7,154,905)

50.     UCT repeats and incorporates by reference as if fully set forth herein its responses to paragraphs 1-49 above.

51.     Denied.

52.     To the extent paragraph 52 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that there is an actual and justiciable controversy between UCT and Dell regarding the validity of the '905 Patent, but denies any remaining allegations in paragraph 52.

53.     Denied.

## TENTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 7,187,307)

54.     UCT repeats and incorporates by reference as if fully set forth herein its responses to paragraphs 1-53 above.

55.     Denied.

56.     To the extent paragraph 56 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that there is an actual and justiciable controversy between UCT and Dell regarding the validity of the '307 Patent, but denies any remaining allegations in paragraph 56.

57.     Denied.

## ELEVENTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 7,746,798)

58.     UCT repeats and incorporates by reference as if fully set forth herein its responses

to paragraphs 1-57 above.

59.     Denied.

60.     To the extent paragraph 60 of the Counterclaims implicates legal conclusions, no

response is required.  To the extent a response is required, UCT admits that there is an actual and

justiciable controversy between UCT and Dell regarding the validity of the '798 Patent, but denies

any remaining allegations in paragraph 60.

61.     Denied.

## TWELFTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 9,232,265)

62.     UCT repeats and incorporates by reference as if fully set forth herein its responses

to paragraphs 1-61 above.

63.     Denied.

64.     To the extent paragraph 64 of the Counterclaims implicates legal conclusions, no

response is required.  To the extent a response is required, UCT admits that there is an actual and

justiciable controversy between UCT and Dell regarding the validity of the '265 Patent, but denies

any remaining allegations in paragraph 64.

65.     Denied.

## THIRTEENTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 8,680,712)

66.     UCT repeats and incorporates by reference as if fully set forth herein its responses

to paragraphs 1-65 above.

67.     Denied.

68.     To the extent paragraph 68 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that there is an actual and justiciable controversy between UCT and Dell regarding the validity of the '712 Patent, but denies any remaining allegations in paragraph 68.

69.     Denied.

### FOURTEENTH COUNTERCLAIM
#### (Declaration of Invalidity of U.S. Patent No. 7,856,520)

70.     UCT repeats and incorporates by reference as if fully set forth herein its responses to paragraphs 1-69 above.

71.     Denied.

72.     To the extent paragraph 72 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that there is an actual and justiciable controversy between UCT and Dell regarding the validity of the '520 Patent, but denies any remaining allegations in paragraph 72.

73.     Denied.

### FIFTEENTH COUNTERCLAIM
#### (Declaration of Invalidity of U.S. Patent No. 7,921,231)

74.     UCT repeats and incorporates by reference as if fully set forth herein its responses to paragraphs 1-73 above.

75.     Denied.

76.     To the extent paragraph 76 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that there is an actual and justiciable controversy between UCT and Dell regarding the validity of the '231 Patent, but denies any remaining allegations in paragraph 76.

77.     Denied.

### SIXTEENTH COUNTERCLAIM
**(Declaration of Invalidity of U.S. Patent No. 9,852,103)**

78.     UCT repeats and incorporates by reference as if fully set forth herein its responses to paragraphs 1-77 above.

79.     Denied.

80.     To the extent paragraph 80 of the Counterclaims implicates legal conclusions, no response is required.  To the extent a response is required, UCT admits that there is an actual and justiciable controversy between UCT and Dell regarding the validity of the '103 Patent, but denies any remaining allegations in paragraph 80.

81.     Denied.

### EXCEPTIONAL CASE

82.     Denied.

83.     Denied.

84.     Denied.

### PRAYER FOR RELIEF

85.     This paragraph sets forth Dell's prayer for relief to which no response is required. UCT denies that Dell is entitled to any of the requested relief.

### DEMAND FOR JURY TRIAL

86.     This paragraph sets forth Dell's demand for a trial by jury to which no response is required.

Dated:  August 6, 2024                         Respectfully submitted,
                                                */s/ Brett Cooper*
                                                Brett E. Cooper (NY SBN 4011011)
                                                bcooper@bc-lawgroup.com

10

Seth Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Jonathan Yim (TX SBN 24066317)
jyim@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com
**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Phone: 212-951-0100

***Attorneys for Plaintiff Universal Connectivity
Technologies Inc.***


## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing

document via the Court's CM/ECF system on August 6, 2024.


*/s/ Brett Cooper*
Brett E. Cooper

11