# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNIVERSAL CONNECTIVITY TECHNOLOGIES INC.,** *Plaintiff* | § § § § | |
| v. | § § | CIVIL NO. 1:23-CV-01506-RP |
| **DELL TECHNOLOGIES INC. and DELL INC.,** *Defendants* | § § § § | |

## ORDER

Now before the Court are Defendants Dell Technologies Inc. and Dell Inc.'s Opposed Motion to Compel, filed September 6, 2024 (Dkt. 42); Stout Capital LLC's Response, filed September 13, 2024 (Dkt. 44); and Defendants' Reply, filed September 16, 2024 (Dkt. 45). By Text Order entered September 16, 2024, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

Defendants ask the Court to compel third party Stout Capital LLC ("Stout") to produce documents and otherwise respond to their Rule 45 subpoena. Defendants submit that in 2022, Quarterhill Inc. engaged Stout to provide an economic valuation of Quarterhill's former subsidiary WiLAN, which is Plaintiff Universal Connectivity Technologies, Inc.'s parent. Dkt. 42 at 4. Defendants' subpoena requests documents related to Stout's analysis of WiLAN, including the value of the patents asserted in this litigation, "because it is anticipated that the analysis is relevant to this case, including valuations of the Asserted Patents owned by Plaintiff, WiLAN's subsidiary." *Id.* at 5.

Stout accepted service of the Subpoena on April 23, 2024. Stout details its extensive efforts over the ensuing months to coordinate with Quarterhill, which directed Stout not to produce any documents responsive to the subpoena but "has not taken any action to seek a protective order or other appropriate remedy, as contemplated by the NDA between Stout and Quarterhill." Dkt. 44 at 5.

As Defendants state in their reply, Stout "does not raise a single substantive or procedural deficiency with the Subpoena." Dkt. 45 at 2. Nor did Stout object to the subpoena under Rule 45(d)(2)(B).

For these reasons, the Court **GRANTS** Defendants Dell Technologies Inc. and Dell Inc.'s Opposed Motion to Compel (Dkt. 42) as unopposed and **ORDERS** Stout Capital LLC to produce documents responsive to Defendants' subpoena under the designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as provided in the Protective Order (Dkt. 40), **on or before November 12, 2024**.

**SIGNED** on October 25, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE